Good morning. Thank you and may it please the court. Scott Martin on behalf of petitioner Luis Felipe Juarez Alvarado. I would like, if possible, to reserve two minutes for rebuttal, but we'll bear in mind the clock. There are two reasons why this court should grant the petition for review filed by Mr. Juarez Alvarado. The crime of which he was convicted in Arizona court doesn't satisfy the sufficient evidence under the modified categorical approach to establish which drug he was convicted of possessing. I'd like to start, as I do in the brief, with the definition of assault under Arizona law and, in particular, the case of State v. Garcia, which establishes that, contrary to a previously held view, the Arizona definition of assault sweeps to include more than just a substantial step accompanying the requisite intent. Counsel, can we really say that it establishes that if it's an unpublished opinion? Yes, Your Honor, and that's made clear from this court's decision in Vizcarra Ayala. The relevant standard is what is the, quote, actual practice of the state courts? And you can demonstrate the actual practice through judicial opinions, whether they're published or not, and, in particular, in Vizcarra Ayala, there were two California unpublished decisions that were relied upon to establish the content of the relevant state law. Were there any contrary opinions? Not to my knowledge, Your Honor. But in Arizona? Well, I don't view the decisions, such as Fristo, which I assume is the impetus behind the question, as being a contrary opinion. It had previously been understood that way by this court, but Garcia, which is decided at the same level of the state judiciary, explained it and said it had been, should not be a substantial step requirement under state law. And so, in this case, we have an opinion that can be read one of two ways, admittedly. We would take the position that the better reading is that there is no substantial step requirement, but whatever it is, a subsequent opinion clarified the content of state law in a way that, in our view, would remove any doubt about the substantial step requirement or lack thereof. The government argues that you didn't exhaust this argument before the BIA. What's your response to that? There are two responses, Your Honor. First, in our view, Mr. Juarez Alvarado did, under the standard applicable to pro se litigants that interprets pleadings liberally. And that the second is that, in our view, it's legally irrelevant because his position was then foreclosed by Ninth Circuit law. So you're arguing futility? Yes, Your Honor, under Sun v. Ashcroft. So if I can start, though, with his exhaustion. Well, that's okay. I just wanted to know what your position was. I know I read it in the briefs, but I wanted to be sure. But in our view, it would be both of those, either of which is a sufficient answer to the objection that he had not preserved this argument before the agency. Counsel, we've got an even more, if I can go back to this notion of the unpublished opinion and whatnot, just to finish out that line of questions you're probably anticipating. We have an even more recent 28J letter about a more recent Ninth Circuit opinion. It doesn't address the unpublished one, Garcia, but it seems to reaffirm Taylor. What do we do about that? Well, I think there are two questions that that poses. One, I think, is relatively straightforward. The other is more difficult. The first is to establish the relevant content of state law. And then the second is, what is the division of authority between Ninth Circuit panels on the subject? We've talked about the content of state law. I think Garcia establishes that and was not addressed by the more recent opinion in Gomez. As for the division of authority between Ninth Circuit panels, I don't think it's fair to read the Gomez decision as reflecting a holding on either Garcia specifically or an exhaustive holding on the definition of state law. But why is that? What the court actually said was that Taylor canvassed the opinions as of June 2008 and that it continued, we are not aware of any subsequent Arizona decision deviating from the generic definition of attempt. Right. That doesn't really mean they missed it necessarily. Isn't that consistent with the fact that under Arizona rules, unpublished opinions aren't to be cited? Well, the same is true in Vizcarra-Ayala. The decisions at issue there from California State Court were also nonetheless they were relevant and indeed dispositive in that case because they established the actual practice of the state courts. And so I think it cannot be read to reflect a judgment that Garcia is irrelevant, so much as it was not cited to the court and not discussed by the court. And so in our view it would be an open question. Do we have anything more recent than Garcia to tell us what the actual practice is in Arizona? Published or unpublished or anything else? Not to my knowledge, Your Honor. There are surprisingly few cases on the issue. Just to be clear, though, to the extent that the panel does conclude that the Gomez-Hernandez decision forecloses our position on the meaning of state law, we would take the position that that is an issue that could appropriately be resolved by the Arizona Supreme Court or by this court and bank and would suggest that that would be the more appropriate option if indeed Gomez is binding. On the theory, among other things, that there is at a minimum a conflict between Ninth Circuit authority, whether it's the older or the newer, and this Garcia decision. So you're suggesting we certify that, if not in bank, certify it to the Arizona Supreme Court? To the extent that you conclude that you're unable to say that Gomez is the accountable. I would find it hard to take those, you know, that opinion and say it suddenly establishes state practice. We've had cases where we've looked to a sequence, but to establish... I mean, I'll take another look at the argument, but it seems to me that's for us to overturn the predicate of Taylor on the assumption that a new opinion are the... In California, for example, let me put it this way. In California, you can have a among the courts of appeal, because one district in California doesn't bind another district in California. So if you have two district courts of appeal in California, both holding the same thing, that may be sufficient because there's no contrary authority. You said Garcia is at the same level as the prior case, so the later in time is what we should look to to establish the entire state practice. Do the Arizona State Courts of Appeal have to follow each other? My understanding is that they do not. Okay, so we have conflicting decisions at best. Well, I would suggest that they're not conflicting and that Garcia explains the holding in Fristo, but at a minimum, to the extent they are conflicting, we would submit that that's an issue that should be resolved by the State Courts on other than us trying to just have 11 judges go through the analysis. It might be better to consider certifying it to the Arizona Supreme Court and let them decide. Well, we believe that Garcia is sufficiently clear. I understand your position, but you're willing to take certification. Rather than have him removed from the country. We've used up a bit of your time, quite a bit, so can you address the issue of the plea agreement? We have, in this case, a seven-page document. Well, I'm not sure it's seven pages, whatever it starts. There's a numbering in the exhibit and those numbers are not part of the state record, I gather. Is that correct? In other words, it starts, in my copy, ER 97, shows page 5. Yes, the R numbering or ER numbering is the designation of the administrative record. Yes, I know that. Okay, so what's the 5? I'm sorry. Who put the 5, page 5, on the first page of the purported plea agreement? My understanding is that that's native to the document. Native to the document. Okay, if that's the case... Actually, no, that's right. It's either native to the court file or created by the government in this case. Well, that's a big difference, isn't it? Yes, Your Honor, because if you look on R101, it continues on page 9, which is the indictment, and the previous page is 8. And so, therefore, the numbering can't be specific to the plea agreement. It has to be part of this, just the numbering of the state court file, writ large. Well, if that's the case, though, that's how it got filed in the state court, correct? Oh, yes, Your Honor. We do know that these materials were filed in the state court. Pardon? We know that the materials were filed in the state court. Okay, so you have a lot of circumstantial evidence that this page 8 would be the document referred to at page 5, and now you're adding the fact that the pagination, at least within the state court file, treated it as a sequential document. Yes, Your Honor. We're not disputing that it was maintained this way in the court files. Was it just missing a staple? Well, we're not sure. It appears that it was in binders. Our response is... Exactly. Many court documents are just in binders, and so I'm not sure why your position is that this isn't incorporated as a part of the plea agreement. Our position is that we can't be sufficiently confident that it was incorporated, and on this point I would cite Cisneros-Perez, where there was overwhelming circumstantial evidence that the victim, in this case it was a domestic violence dispute, the victim was, I believe, the spouse of the petitioner, and the petitioner ultimately pleaded guilty to a battery charge that didn't identify the victim, but he was sentenced to, among other things, a victim's spouse. And so, in that case, there was enormous circumstantial evidence that, in fact, the crime had involved domestic violence. But what Cisneros-Perez says is, no, you can't draw inferences about what might have been the factual basis for a conviction. Judge Fischer, to get back to your question. I was going to say, you're already over your total time. We've taken up a lot of your time with questions, so we're going to give you a minute of rebuttal, but before you get to that, let me just pose my one question for you. On this statement, if the statement that the government relies on is not the basis for the plea that's referred to in the plea agreement, then what is? We don't know, Your Honor. The government's burden to show that this was meth, but the government may have met its burden with all the circumstantial evidence that they produced. So, do you have other circumstantial or other evidence that would suggest it was not meth? No, Your Honor. What we have is the rule that it needs to be confident, that you can't draw inferences about what, circumstantially, might be in the documents. And so, the example from Espinoza-Cano is an admission in open court about the factual basis for the plea. There's no room left for judgment about what it might have been, and in this case, there might be a strong circumstantial case, but so, that was true as a scenario as a result. Okay, we're over your time, and we will give you one minute for rebuttal. Thank you, Your Honor. Now, we'll hear from the government, and we have Miss Jamie Dodd, who may get the floor. Thank you, Mr. Martin, for having come the farthest for today's arguments. Happy to be here, Your Honor. May it please the Court, Jamie Dodd on behalf of the Respondent Attorney General. I will address the arguments in the order in which they were presented here. With regard to the argument that the Arizona definition of attempt is not a categorical match to the federal definition, we would just submit this Court's case law, specifically United and the more recent decision in Gomez, which clearly confirms, Gomez clearly confirms Taylor's holding, that the language of the Arizona attempt statute, while broader than the federal definition, because of the precedential decisions from the Arizona Court of Appeals, the attempt statute in practice actually does require a substantial step and is a match to the federal definition. So, I have two questions. One, as a matter of jurisdiction, do you agree it would have been futile for him to raise the argument before the BIA, because it's essentially, your argument is foreclosed by Taylor. So, what could the BIA have done if they had presented the argument? Well, Your Honor, no, we don't agree that it was that it was futile, and we do maintain that... What could the BIA have done? Well, I guess there are two statements to be made about that. One, the Board did affirm here without opinion, so, presumably, the Board could have issued a written opinion, had that issue... Could they have ruled differently? They had controlling authority. That's what Judge Fisher's getting at. Right, and that's correct. We would rely on that, other than the exhaustion argument. But that means that they couldn't have done anything differently, so now you're confusing me. The Board is bound by our Ninth Amendment. Correct, Your Honor. So, why doesn't that make it futile if he'd raised the issue? Because the Board would have been bound by Taylor. Well, the authority is that the Board should have the opportunity, in the first instance, to write an issue. Except on a question of law, where they can't, they don't have any ability except to follow the law, unless there's a changed circumstance, and that they could exercise their discretion. But do you think they could decide and substitute a new rule? Well, the Petitioner is arguing that the Board was not bound, that the Board would not have been bound by Taylor, and that the subsequent unpublished Arizona decision would have been binding. I understand. That's what the Petitioner is arguing, but the government is saying, we don't have jurisdiction over this case, because he didn't go through the step of presenting the argument to the BIA, and the government's position is, Taylor is binding on the BIA. Correct, Your Honor. So, you say what he should have done is presented it to the BIA so they could put in writing what I just said, we're bound by the Ninth Circuit? Correct, Your Honor, and they could have said, we're not bound by an unpublished decision, etc., we're bound by the Taylor decision, and then we would at least have it in writing from the Board, that that was the Board's finding, that they weren't going to rely on the unpublished decision. Okay, and not speaking for any other judge, but I think I understand your position on jurisdiction, and it would be better to just get to the merits of the issue. So, you know, why, what is your view on the attempt issue on the merits, and what's your view on the, whether there was meth shown by the statement on the other hand? Our view on the attempt issue is that the argument is foreclosed by the precedent in Taylor and the more recent decision in Gomez, and as Judge Christin pointed out, that an unpublished decision of the Aristotle State Court does not have any precedential value. What do you think of Appellant's argument that we should certify the Arizona State law issue to the Arizona Supreme Court? I would disagree with that based on the fact that we do have an unpublished decision, which does not have precedential value under the Arizona State Court rules. So, unless there was a published decision that did have precedential value that was in conflict with State v. Johnston and the Fristoe decision, then possibly that would be an appropriate remedy, but because this is not a precedential decision, we would disagree with that, with that statement. Okay. If I could move you past attempt and just to whether there was a controlled substance involved. How do you see the, the question of whether he pled guilty under a modified categorical approach to the offense with meth, as opposed to some, some other drug that's illegal in Arizona, but not federally? Well, as, as your Honor pointed out, the plea agreement clearly states that the statement was incorporated. If that statement was not incorporated, then there's nothing on, there's no basis for the plea agreement. His statement is incorporated in that extra additional page, and the plea agreement on page, the first two pages specifically state, please see the attached description of the statutory elements and factual basis for the offense to which the defendant is pleading guilty. But that really begs the question, counsel, forgive me for interrupting, but that's why I asked, are we missing a staple? Because that, it begs the question of what attachment are they talking about, right? So, it seems to me that her judge, I think it was Judge Fisher, who asked the questions about the circumstantial evidence, that this last page that's numbered ER 100, but paginated number eight, it looks like it was the very next sequential page. Do you agree with that? I do agree with that, and I think we have further evidence of that, in that, if you look at the conviction documents, the last page of the judgment is stamped by the deputy clerk of the court. So, that's at, the record at page 96. So, that's the last page of the agreement, ostensibly, was stamped at the record page 100, which is that statement page. Okay, so could I ask you a question about page 100, please? Sure. This is the... Can I just ask a fundamental question? Who put the numbers on? Who put on page eight? It was, it's not the government put that? You didn't? No, because if you look at the number that shows up, it looks like it was a copied. So, it doesn't look like that was an original number that was put on the government's exhibit. So, I would agree with opposing counsel that it looks like that was the state court pagination, and the records were filed. Okay, that's all I needed to know. Thank you. Okay. So, looking back at ER 100, excuse me, there's a stamp by the deputy clerk. Yes, ma'am. Stamping is for August 17, 2009. Right? Yes, ma'am. Okay. The signature of the defendant itself is not dated. No, ma'am. Okay. So, I'm trying, but the previous page, the plea agreement, is dated a month earlier, September, well, July 15th. So, which day did he appear in court? The judgment... Where's the date of the judgment? Let me look for that. The judgment date is August 13, 2009. That's on the record page 93. So, why is that a different date? Should that concern me? I'm not sure why it's a different date, but I don't think that should concern the court in that the plea agreement would have been presumably signed by all the parties before it was submitted to the court. So, I think that that's not determinative of which documents are relevant. The fact that the date, the August 13th date, is a different date than the date the plea agreement was signed. Do you know which day he appeared in court? The judgment was entered, you just told me the 13th. That's the date, yes, on the front of the page. It would appear that that's the date he, because if you look at the record page 96, there's a time that it says the hearing concludes. Oh, forgive me, go ahead. Sure, I'm sorry. To me, that would, I mean, that's just my personal reading of it. To me, that would indicate that was the day he appeared, but I can't say that with a hundred percent certainty. I don't think we have been anything in the record that specifically states it other than that the date on the front of the judgment is that August 13th, 2009 date. All right, thank you. But I would just, I would just point the court back to the fact, I think it is very determinative here, that the plea agreement on the very first page and into the second page, under factual basis, specifically says, please see the attached description of the statutory elements and factual basis. And as Judge is actual written colloquy here, where he states, on April 19, 2009, I was stopped for a traffic violation. I was placed under arrest. My vehicle was searched, and approximately four and a half grams of methamphetamine was found. And when asked, I stated that I paid $50 for that bag of methamphetamine. So two references to methamphetamine there. I mean, that's... No question that the circumstantial evidence could support that reading, but his point is he denies that that was what was before the court, that that is the document. So that's the issue. In other words, do we accept inferences when in fact there's nothing that further specifies whether this is the exact document that it was being referred to? Well, I think that there are several different things that you can look at. The pagination, the court stamp, and there's also, taking out the plea agreement and the statement, you have the indictment, which clearly indicates methamphetamine in the drug. That's the record at 101, which references back to the judgment, which says that defendant is found guilty of the crime. Modified count one, modified... It dropped... My understanding is the count dropped out the specific drug, the amended plea, didn't it? I mean, the amended indictment. It did drop the count one as alleged here, but only modified it to add attempted possession of a dangerous... So only modified it with the word attempted, did not modify it with regard to any other wording as originally charged in the indictment. But the original indictment, just to be clear, it was dismissed, right? It was dismissed in the plea agreement. That's the whole problem, right? Because we get to the modified categorical approach. The original indictment has the elements you need. It was dismissed and he's pled to something, you know, a modified indictment that doesn't have the specificity. That's why you're relying on the attachment, isn't it? Unless I've missed something. Correct. Correct, Your Honor, but I think if we're looking at the circumstantial evidence in the record, it is appropriate to look at that and see that the judgment does refer back to that, to count one, modified count one, and the only modification listed on the judgment is the addition of the word attempt. Is there something that says, do you have any authority for that, that when we do the modified categorical approach, it's appropriate when we talk about this narrow bandwidth of documents that were permitted to consider? Does that include a dismissed indictment? It includes the judgment of conviction, and our argument would be the judgment of conviction here does refer back to the indictment, only modifying the one statement. So it does, he is convicted of a modified count one. Count one of what? Obviously referring back to that original count one of the indictment. Otherwise, it would be sort of an absurd result to say modified where? It has to reference back that count one. So the answer to my question, you don't know of case law permitting us specifically to look at a dismissed indictment? I'm not aware, no, Your Honor, specifically in this particular circumstance, but I think if the court is referencing all the circumstantial evidence in the record, you have the plea agreement, you have the statement referencing the plea agreement. If that's not sufficient, we also have the indictment and the judgment, which relate to each other and relate to the plea agreement. Plenty of circumstantial evidence apart from the dismissed indictment, and I think the question that Appellant's raising is whether circumstantial evidence is sufficient or whether it requires some impermissible inference. Well, we've taken you well over your time, so I'm, we have so many cases today. I'm gonna have to ask you to wrap your argument up. Yes, absolutely. For the rest of the petition for review be denied. Thank you, Ms. Downer. Thanks again for coming out here to see us from D.C. Now, Mr. Martin. Thank you, Your Honor. You've been generous on time, so I'll make only three quick points. First, the government asserted that the BIA, had the issue been presented, might have declined to follow Taylor. The relevant case on that is In re and Salmo, cited on page 9 of our reply brief, which holds that the BIA is bound to follow the decisions of the Court of Appeals from the relevant area, so it simply would not have been an issue. On the merits of the potential certification of the state law issue, the government said it's only an unpublished decision. If that's a relevant consideration, the state court can decline to entertain it. Under Arizona Supreme Court Rule 27, the state Supreme Court has authority to decide whether or not to accept certification. And finally, turning to the second issue, a question was asked about whether there's any case law about dismissed indictments. The three cases that are relevant to this are Martinez-Perez, Cisneros-Perez, and Fidal, all of which hold that this court cannot consider a dismissed indictment in evaluating whether that's sufficient to satisfy the modified categorical test. Thank you, Your Honor. Thank you very much for your assistance to the court. We appreciate the pro bono representation and the government's representation. This case is submitted.
judges: Fisher, Gould, Christen